J-S42028-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KERRY PURNELL, | : | |
| | : | |
| Appellant | : | No. 1267 EDA 2018 |

Appeal from the PCRA Order, April 10, 2018,
in the Court of Common Pleas of Philadelphia County,
Criminal Division at No(s): CP-51-CR-1001971-1992.

BEFORE: OTT, J., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY KUNSELMAN, J.: **FILED OCTOBER 11, 2019**

Kerry Purnell appeals *pro se* from the order that denied as untimely his first petition filed pursuant to the Post Conviction Relief Act ("PCRA"). 42 Pa.C.S.A. §§ 9541-46. We affirm.

The pertinent facts and procedural history are as follows: On the evening of September 2, 1992, when he was 22 years old, Purnell shot and killed the two victims in their Philadelphia apartment because they allegedly participated in an earlier burglary of Purnell's own apartment. On May 14, 1993, following a bench trial, Purnell was convicted of two counts of first-degree murder and possession of an instrument of crime. On February 15, 1994, the trial court sentenced Purnell to an aggregate term of life in prison. Purnell filed a timely appeal to this Court, and, on October 1, 1998, we affirmed his judgment of

_____

[*] Retired Senior Judge assigned to the Superior Court.

sentence. **Commonwealth v. Purnell**, 726 A.2d 1082 (Pa. Super. 1998) (unpublished memorandum). On April 12, 1999, our Supreme Court denied his petition for allowance of appeal. **Commonwealth v. Purnell**, 794 A.2d 361 (Pa. 1999).

On August 3, 2012, Purnell filed a *pro se* PCRA petition in which he sought relief pursuant to **Miller v. Alabama**, 567 U.S. 460 (2012), and **Montgomery v. Louisiana**, 136 S.Ct. 718 (2016). Although the petition was untimely, Purnell asserted that he could establish the "new constitutional right" exception to the PCRA's time bar. 42 Pa.C.S.A. § 9545(b)(1)(iii).[1] Purnell later attempted to withdraw the petition.[2]

On October 2, 2013, Purnell filed a "Federalized Amended PCRA Petition" in which he claimed that he met the "newly-discovered evidence" exception to the PCRA's time bar. 42 Pa.C.S.A. § 9545(b)(1)(ii). According to Purnell, he had only recently learned that he was illegally sentenced under a repealed statute and that he was confined even though there was no written sentencing order. The certified record reveals that Purnell filed two additional amendments that essentially raised the same issue. The PCRA court had yet to appoint PCRA counsel to assist Purnell in his quest for post-conviction relief.

_____

[1] Although this petition does not appear in the certified record, within his brief Purnell confirms that he originally sought relief under **Miller** and cited to the new constitutional right time-bar exception. **See** Purnell's Brief at 10.

[2] There is no indication in the record that the PCRA court ever granted this request.

On March 11, 2016, Purnell filed a "Petition for Leave to Amend First Petition under the [PCRA]. Within this petition, Purnell asserted that, in light of *Montgomery v. Louisiana*, decided on January 25, 2016, his otherwise untimely petition met the "new constitutional right" time-bar exception at section 9545(b)(1)(iii). In addition, Purnell stated, "It would be a strong Impropriety [sic] not to apply the ruling that came down in [*Miller*, *supra*], when clearly the scientist [sic] confirmed that the pre frontal cortex is among the last regions of the brain to mature, and further stated that prefrontal cortex is not fully mature until an individual reaches his or her twenties."

On July 28, 2016, Purnell filed a "Petition for Writ of Mandamus/Extraordinary Relief," addressed to our Supreme Court, in which he noted that, despite his filing of his amended petition in October 2013 the PCRA court had not appointed him counsel or otherwise moved on his petition. In response, the PCRA court appointed counsel on December 7, 2016. On June 5, 2017, PCRA counsel filed a "no-merit" letter and motion to withdraw, pursuant to the dictates of *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*), opining that Purnell's PCRA petition was untimely and met no time-bar exception.

On June 12, 2017, the PCRA court issued Pa.R.Crim.P. 907 notice of its intention to dismiss Purnell's PCRA petition as untimely filed. Purnell filed a response, as well as a supplement thereto. In his initial response, filed on June 21, 2017, Purnell stated that he had yet to receive a copy of PCRA

- 3 -

counsel's *Turner*/*Finley* letter. In addition, Purnell raised a claim of "actual innocence, and averred that he had asked PCRA counsel to file a motion for DNA testing pursuant to 42 Pa.C.S.A. section 9543.1. Finally, Purnell requested a *Grazier* hearing so that he could challenge PCRA counsel's alleged ineffectiveness. In his supplemental response, filed on June 26, 2017, Purnell noted that he had still not received the *Turner*/*Finley* letter, and requested that the PCRA court send him a copy.

The PCRA court directed counsel to send Purnell a copy of the *Turner*/*Finley* letter. On September 18, 2017, the PCRA court issued a second Rule 907 notice. Purnell did not file a response. By order entered April 22, 2018, the PCRA court dismissed Purnell's PCRA petition. This appeal followed. Purnell never filed a Pa.R.A.P. 1925(b) statement of errors complained of on appeal.[3] Although the PCRA court found waiver, on this basis, it nevertheless addressed the timeliness of Purnell's PCRA petition in its Rule 1925(a) opinion.

Before addressing the merits of Purnell's substantive claims on appeal, we must first address whether the PCRA court correctly concluded that Purnell's PCRA petition was untimely filed.

The timeliness of a post-conviction petition is jurisdictional. *Commonwealth v. Hernandez*, 79 A.3d 649, 651 (Pa. Super. 2013).

---

[3] Purnell claims that he gave his Rule 1925(b) statement to prison officials but they did not mail it. *See* Purnell's Brief at 32.

Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment becomes final unless the petition alleges, and the petitioner proves, that an exception to the time for filing the petition, set forth at 42 Pa.C.S.A. sections 9545(b)(1)(i), (ii), and (iii), is met.[4] 42 Pa.C.S.A. § 9545. A PCRA petition invoking one of these statutory exceptions must "be filed within 60 days of the date the claims could have been presented." *See Hernandez*, 79 A.3d 651-52 (citations omitted); *see also* 42 Pa.C.S.A. § 9545(b)(2).[5] Finally, exceptions to the PCRA's time bar must be pled in the petition, and may not be raised for the first time on appeal. *Commonwealth v. Burton*, 936 A.2d

_____

[4] The exceptions to the timeliness requirement are:

> (i) the failure to raise the claim previously was the result of interference of government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States.
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. §§ 9545(b)(1)(i), (ii), and (iii).

[5] Our legislature recently amended this section of the PCRA to provide petitioners one year to file a petition invoking a time-bar exception. *See* Act of 2018, October 24, P.L. 894, No. 146. This amendment does not apply to Purnell's petition.

521, 525 (Pa. Super. 2007); *see also* Pa.R.A.P. 302(a) (providing that issues not raised before the lower court are waived and cannot be raised for the first time on appeal). Pennsylvania law makes clear that no court has jurisdiction to hear an untimely PCRA petition. *See Commonwealth v. Robinson*, 837 A.2d 1157, 1161 (Pa. 2003).

Here, Purnell's judgment of sentence became final on July 11, 1999, ninety days after our Supreme Court denied his petition for allowance of appeal, and the time to file a petition for writ of *certiorari* with the United States Supreme Court expired. *See* 42 Pa.C.S.A. § 9545(b)(3). Thus, Purnell had until July 11, 2000, to file a timely petition. As he filed the petition at issue in 2016, it is patently untimely unless Purnell has satisfied his burden of pleading and proving that one of the enumerated exceptions applies. *See Hernandez*, *supra*.

Purnell has failed to establish any exception to the PCRA's time bar. He asserts that he has established the newly-discovered fact exception in that the "new scientific evidence" discussed in *Miller*, *supra*, should apply equally to defendants sentenced to life without parole who were twenty-five years of age and younger when they committed murder.

This claim fails for several reasons. Initially, we note that Purnell did not raise this claim in his PCRA petition, As noted above, although Purnell previously raised the section 9545(b)(ii) exception, he did so with regard his recent discovery of the lack of a written sentencing order, not based upon

*Miller*, *supra*. Thus, Purnell inappropriately raises this claim for the first time on appeal. *See* Pa.R.A.P. 302(a), *Burton*, *supra*.

In addition, it is now well settled that judicial decisions are not "facts" for purposes of satisfying this time-bar exception to the PCRA. *See generally*, *Commonwealth v. Watts*, 23 A.3d 980 (Pa. 2011). Moreover, the "new" scientific evidence upon which Purnell relies from *Miller* was also referenced by the United States Supreme Court in its previous decisions involving juveniles, as early as 2005. *See Roper v. Simmons*, 543 U.S. 551 (2005). Thus, Purnell cannot establish that he filed his PCRA petition within sixty days of discovering this "new" scientific evidence.

As we recently reiterated, this Court has refused to extend *Miller* to defendants who were at least eighteen years of age at the time of the underlying crime. *See Commonwealth v. Lee*, 206 A.3d 1, 11 (Pa. Super. 2019) (*en banc*) (holding that "age is the sole factor in determining whether *Miller* applies to overcome the PCRA time-bar"). Moreover, this Court has repeatedly rejected his argument regarding the brain development of post-adolescents (over age 18). *See*, *e.g.*, *Commonwealth v. Pew*, 189 A.3d 486 (Pa. Super. 2018); *Commonwealth v. Woods*, 179 A.3d 37, (Pa. Super. 2017).

Finally, Purnell's alternative theories are meritless. Although he argues an equal protection violation, this Court has rejected this argument. *See generally*, *Commonwealth v. Montgomery*, 181 A.3d 359 (Pa. Super. 2018) (*en banc*). In addition, while Purnell asserts "actual innocence" and

relies on **McQuiggin v. Perkins**, 133 S.Ct. 1924 (2013), this Court has found this theory has no application to the PCRA statute. **See Commonwealth v. Brown**, 143 A.3d 418, 420-21 (Pa. Super. 2016) (explaining decisions pertaining to federal *habeas corpus* law, such as **McQuiggin**, are irrelevant to our construction of the PCRA's timeliness provisions). Lastly, Purnell's argument that his PCRA petition should be considered due to a "miscarriage of interest justice" provides him no relief. **See Burton**, 936 A.2d at 527 (explaining that there is no "miscarriage of justice" exception to the timeliness requirements of the PCRA).

For all of the above reasons, Purnell's PCRA petition was untimely, and the PCRA court correctly concluded that it lacked jurisdiction to consider Purnell's substantive issues.[6]

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/11/19

---

[6] To the extent Purnell raises arguments regarding DNA testing, we agree with the PCRA court that he did not properly raise this claim below, and that he otherwise has not established all the requirements for such a request. **See** PCRA Court Opinion, 12/21/18, at 5-6. Although Purnell claims to have filed such a motion in 2004, it does not appear in the certified record.